**Plamen NIKOLOV, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General of the United States, Respondent.**

**No. 06–0736–ag.**

United States Court of Appeals, Second Circuit.

Nov. 6, 2006.

---

Mark T. Kenmore, Buffalo, New York, for Petitioner.

Robert Clark Corrente, United States Attorney, District of Rhode Island, Mary E. Rogers, Assistant United States Attorney, Providence, Rhode Island, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT A. KATZMANN, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Plamen Nikolov, a native and citizen of Bulgaria, seeks review of a January 18, 2006 order of the BIA adopting and affirming and supplementing the September 2, 2004 decision of immigration judge ("IJ") Philip Montante denying Nikolov's applications for asylum, withholding of removal, and relief under the Convention Against Torture. *In re Plamen Nikolov*, No. A77 557 177 (B.I.A. Jan. 18, 2006), *aff'g* A77 557 177 (Immig. Ct. Buffalo Sept. 2, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of

the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court reviews *de novo* questions of law. *Islami v. Gonzales,* 412 F.3d 391, 396 (2d Cir. 2005). We review the agency's factual findings under the substantial evidence standard.

The IJ determined that Nikolov was not credible based on internal inconsistencies in his own testimony, inconsistencies between his testimony and his written application for relief, and inconsistencies between his testimony and that of his witnesses. The BIA adopted and affirmed the IJ's decision, as well as addressing Nikolov's argument that his hearing had been tainted by his mental incompetence as well as the IJ's failure to appropriately appoint someone to assist Nikolov in communicating.

Pursuant to 8 U.S.C. § 1229a(b)(3), the Attorney General shall prescribe safeguards in order to protect the rights of an alien who cannot be present at his own hearing due to mental incompetency. "When it is impracticable by reason of an alien's mental incompetency for the alien to be present, the presence of the alien may be waived provided that the alien is represented at the hearing by an attorney or legal representative, a near relative, legal guardian, or friend." 8 C.F.R. § 1003.25(a).

Nikolov argued to the BIA that the hearing transcript indicated that he had difficulty understanding the proceedings, and that pursuant to section 240(b)(3) and (4) of the Immigration and Nationality Act, the IJ had a responsibility to appoint a representative to assist Nikolov in communicating at his hearing. More specifically, he alleged that another person, such as a family member who "[knew him] longer and better than anyone else in the courtroom" would have been able to accurately interpret and convey Nikolov's testimony. He also argued that his case "should not have gone to the [BIA] without a medical expert to explain" the various discrepancies and inconsistencies relied on by the IJ in his adverse credibility determination. The BIA determined that 1) the psychiatric evaluation submitted by Nikolov's counsel undermined his claim of mental incompetency; 2) Nikolov's mother and sister were present at the hearing and were available to provide any extra assistance that might have been necessary; and 3) the record did not indicate that Nikolov had interpretation problems that caused him to misunderstand questions.

▇▇▇ The BIA was reasonable in relying on a psychiatric evaluation submitted to the IJ by Nikolov as well as Nikolov's presence at his hearing in order to find that Nikolov had presented insufficient information to show mental incompetency. As the independent psychiatric evaluation indicated that although Nikolov was depressed due to his difficulties legalizing his immigration status, he was a "reliable historian," had a "logical and goal directed" thought process and "unimpaired" memory, and was fully oriented, the BIA was reasonable in finding that Nikolov's own evidence undermined his claim of mental incompetency, and that the IJ was under no obligation to appoint a special representative or medical expert on Nikolov's behalf. The BIA was also reasonable in noting that because Nikolov's attorney as well as his mother and sister were present at his hearing, and as he never expressed any difficulty in communicating or made a request for their help, the IJ had properly afforded Nikolov his right to representation and assistance, and did not deny him a fair hearing. Finally, the BIA was reasonable in finding that Nikolov had neither made a convincing argument nor presented sufficient evidence indicating that Nikolov did not understand the interpreter's translation of the proceedings. Nikolov's

argument that "[p]erhaps he did understand, but Mr. Nikolov may have misunderstood or he may have understood, leading to uncertain conclusions because of the difficulty in communication throughout the trial" is not supported by any evidence in the record, as the passages cited by Nikolov indicate that he was having trouble recalling the events of his claim, not that he was having difficulty understanding the interpreter's translation of the proceedings.

Because Nikolov has failed sufficiently to challenge the merits of the agency's adverse credibility finding before this Court, we deem any such arguments waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005).

For the foregoing reasons, the petition for review DENIED.